# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
PENLAND, HAYES, and MORRIS
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private E2 WYATT K. HARBAUGH**
**United States Army, Appellant**

ARMY 20220527

Headquarters, Fort Drum
James A. Barkei, Military Judge
Colonel Christian E. Beese, Staff Judge Advocate (pretrial)
Lieutenant Colonel Jessica M. Farrell, Acting Staff Judge Advocate (post-trial)

For Appellant:  Jonathan F. Potter, Esquire; Major Bryan A. Osterhage, JA.

For Appellee: Lieutenant Colonel Jacqueline J. DeGaine, JA.

26 January 2024

------------------------------------
SUMMARY DISPOSITION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent*

MORRIS, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of production of child pornography, three specifications of possession of child pornography and two specifications of sexual abuse of a child involving indecent exposure in violation of Articles 134 and 120b, Uniform Code of Military Justice, 10 U.S.C. §§ 934, 920b [UCMJ].  The military judge sentenced appellant to a bad-conduct discharge and 49 months of confinement. The convening authority took no action on the sentence.

This case is before the court for review pursuant to Article 66, UCMJ.  In one of three errors appellant submits pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), appellant identifies delay in the post-trial processing of his case.[*]

---

[*] We have given full and fair consideration to appellant's other *Grostefon* matters and find them to be without merit.

We believe appellant's post-trial delay claim merits discussion, but no relief, and affirm the findings and the sentence.

## BACKGROUND

Appellant identifies in his headline *Grostefon* pleading that the Office of the Staff Judge Advocate (OSJA) failed to provide an explanation for the 160 days it took from the day his sentence was adjudged to docketing at this court. In fact, it was 172 days from sentence to docketing. The military judge sentenced appellant on 20 October 2022. On 9 January 2023, appellant's defense counsel responded to an inquiry from the OSJA that he apologized for the delay but "PV2 Harbaugh has no clemency matters to submit." The staff judge advocate's advice and convening authority's action did not occur until 31 January 2023, which was 103 days after the sentence was adjudged. The military judge completed the entry of judgment one week later, on 7 February 2023, and authenticated the record of trial on 27 February 2023. The military judge sua sponte included a note on his authentication memo that the court reporter had completed a permanent change of station. The record then sat inexplicably for another 34 days before it was forwarded to this court on 4 April 2023. The OSJA failed to provide any explanation for this processing timeline. Appellant did not make any speedy post-trial processing requests, nor did he request relief or allege that he suffered any prejudice.

## LAW AND DISCUSSION

We review claims that an appellant has been denied the due process right to a speedy post-trial review and appeal de novo. *United States v. Toohey*, 63 M.J. 353, 359 (C.A.A.F. 2006) (citing *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006) (citing *United States v. Rodriguez*, 60 M.J. 239, 246 (C.A.A.F. 2004). We also set forth the framework for our analysis of speedy post-trial review and appeal cases utilizing the four factors set forth in *Barker v. Wingo*: (1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice. 407 U.S. 514, 530, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972). No single factor is required for finding a due process violation and the absence of a given factor will not prevent such a finding. *Toohey*, 63 M.J. at 359. (citing *Barker*, 407 U.S. at 533; *Moreno*, 63 M.J. at 136). After *Winfield*, we no longer have a presumptive number of processing days to aid in determining whether a delay was presumptively reasonable. *United States v. Winfield*, 83 M.J. 662, 665 (Army Ct. Crim. App. 2023). "Instead, we will scrutinize even more closely the unit-level explanations for post-trial processing delays between final adjournment and appellate docketing... [s]taff judge advocates who decline to memorialize delays with thorough, credible, and relevant specificity do so at the peril of their units' cases on appeal." *Id.* at 665-666.

2

Turning to the post-trial delay in the processing of appellant's case. While the government, yet again, failed to provide any explanation for the post-trial delays in this case, the longest period of the 172-day delay was the 103-days between adjournment of the trial and completion of the action. Though it is unclear how much of that time is attributable to the defense, on 9 January 2023, 81 days from the adjournment of appellant's trial, defense counsel apologized for his delayed notification to the government that appellant did not intend to submit Rule for Courts-Martial [R.C.M.] 1106 matters. Afterwards, the case moved forward at a reasonable pace whereby the military judge completed his authentication of the record on 27 February 2023, just 27 days after action. Then, it inexplicably took another 36 days for the OSJA to put the record in the mail.

While the delays in the post-trial processing of this case, which included four volumes and a 166-page transcript was not a model of efficiency, we still find no due process violation "due to the lack of *Barker* prejudice resulting from the delay." *Id.* at 666. "In balancing the other three factors" we also would not find that the post-trial delay "was so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *Id.* (citing *United States v. Anderson*, 82 M.J. 82, 88 (C.A.A.F. 2022). "A delay like the one in the present case is not severe enough to taint public perception of the military justice system. It did not involve the years of post-trial delay we saw in cases such as *Moreno, Toohey,* and *Bush.* There is no indication of bad faith on the part of any of the Government actors. There is also no indication of prejudice." *See United States v. Bush*, 68 M.J. 96, 104 (C.A.A.F. 2009) (concluding that, despite a seven-year post-trial delay attributed to the government, the lack of prejudice made any due process error harmless beyond a reasonable doubt). *Anderson*, 82 M.J. at 87-88. Appellant's sentence was appropriate under Article 66(d) notwithstanding the delay in the post-trial processing of his case. Article 66, UCMJ.

## CONCLUSION

The findings and the sentence are AFFIRMED.

Senior Judge PENLAND and Judge HAYES concur.

FOR THE COURT:

JAMES W. HERRING, JR.
Clerk of Court

3